UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT BEAL,

        Plaintiff,

vs.

        Case No. 17-12905
        HON. GEORGE CARAM STEEH

PUBLIC SERVICE CREDIT
UNION, a Michigan banking
corporation, CREDIT UNION
FINANCIAL SOLUTIONS,
LLC, a foreign limited liability
company, MIDWEST AUTO
RECOVERY AND ADJUSTMENT,
INC., a Michigan corporation,
MATTHEW CASSEL, JEFFREY
HARRINGTON, and JEFFREY
STANTON,

        Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANT PUBLIC SERVICE CREDIT UNION'S RENEWED MOTION FOR SUMMARY JUDGMENT (DOC. 24) AND DENYING DEFENDANT PUBLIC SERVICE CREDIT UNION'S MOTION FOR SUMMARY JUDGMENT (DOC. 9) AS MOOT

Plaintiff Robert Beal sued defendants Public Service Credit Union (PSCU), Credit Union Financial Solutions, LLC (CUFS), Midwest Auto Recovery and Adjustment, Inc. (MARA), Matthew Cassel, Jeffrey Harrington, and Jeffrey Stanton, alleging assault, negligence, malicious prosecution and violation of the Fair Debt Collection Practices Act. This

matter is presently before the Court on PSCU's motions for summary judgment. PSCU filed their first motion for summary judgment on October 19, 2017. (Doc. 9). Mr. Beal filed a response, (Doc. 13), and PSCU replied, (Doc. 14). The Court ordered supplemental briefing on June 19, 2018. (Doc. 15). The Court ordered both Mr. Beal and PSCU to file a brief analyzing two issues by June 26, 2018. (Doc. 15 at PageID 198-99). PSCU filed a supplemental brief on June 26, 2018. (Doc. 19). Mr. Beal did not file a supplemental brief.

Mr. Beal filed an amended complaint on June 19, 2018. (Doc. 18). The amended complaint raises the same claims and allegations. Although PSCU's original motion for summary judgment was still pending, it filed a renewed motion for summary judgment on July 3, 2018. (Doc. 24). This motion raises the same arguments as the original motion for summary judgment. Mr. Beal filed a response on July 9, 2018. (Doc. 25). As such, the Court will rule on the renewed motion and moot the original motion.

Pursuant to Local Rule 7.1(f)(2), the Court shall rule without oral argument. For the reasons stated below, PSCU's renewed motion for summary judgment, (Doc. 24), is GRANTED. As such, PSCU's motion for summary judgment, (Doc. 9), is DENIED as moot.

## I. Background

Defendant PSCU is a state-chartered credit union. PSCU regularly loans money to individuals purchasing automobiles and takes a security interest in the vehicle. (Doc. 9-2 at PageID 141). Plaintiff Robert Beal is married to Rebekah Beal. Mrs. Beal took out a loan from PSCU to purchase a 2014 Kia Sorento. (*Id.*). PSCU entered into a Recovery and Remarketing Agreement with CUFS on January 17, 2014. (Doc. 9-4). The Agreement addresses each party's responsibility regarding repossession. PSCU designates a vehicle for repossession with CUFS. CUFS would then place the vehicle "with a designated repossession affiliate (as determined by [CUFS] in its sole discretion) for repossession/skip processing." (Doc. 9-4 at PageID 145). The Agreement specifies that the parties are solely independent contractors; nothing in the Agreement shall be "construed as creating an agency relationship, partnership, joint venture, or any similar relationship . . . ." (Doc. 9-4 at PageID 150).

Repossession efforts were taken in December 2014. On December 3, 2014, while driving the vehicle, Mr. Beal noticed that someone had "vandalized [the] vehicle by cutting or poking a hole in one of [the] tires." (Doc. 18 at PageID 220). Mr. Beal continued driving and "was followed by a white car" and "intermittently" observed "a tow truck" nearby. (*Id.*). The tow

truck later stopped alongside Mr. Beal. (*Id.*). The truck's occupant opened the truck's window, produced a gun, and used racially vulgar language while demanding that Mr. Beal pull over. (*Id.*). Mr. Beal pulled into a nearby parking lot, parked, and began to walk away from the vehicle. (*Id.*). Mr. Beal was purportedly approached by "one of Defendant's agents who produced a gun and threatened to kill" him. (*Id.*). Mr. Beal continued to walk away and was "jumped" and "beat" "by both of MARA's employees." (Doc. 18 at PageID 221). Witnesses reported the incident and police responded to the scene. Mr. Beal alleges that rather than "honestly and thoroughly review[ ] security video to determine what [ ] occurred" the officers "simply accepted MARA's employees' version of events which" falsely accused Mr. Beal of "physically attack[ing] Defendant's agents." (*Id.*).

Mr. Beal filed suit in Wayne County Circuit Court on May 22, 2017. (Doc. 1-2 at PageID 24). The parties filed a stipulation and order granting Beal leave to file an amended complaint on June 13, 2018. Beal filed his amended complaint on June 19, 2018. The amended complaint, like Beal's original complaint, raises the same claims and allegations against PSCU. Count I raises an assault and battery claim against Cassel and Harrington. (Doc. 18 at PageID 221). Count II raises a negligence claim against PSCU and MARA. (Doc. 18 at PageID 222). Count III alleges that Cassel,

Harrington, CUFS, and MARA violated the "Fair Debt Collection Practices Acts."[1] (Doc. 18 at PageID 223). Count IV asserts that PSCU, MARA, and CUFS are "vicariously liable for acts and omissions of their respective agents . . . ." (Doc. 18 at PageID 225). Mr. Beal claims that "Cassel and Harrington were acting as authorized agents and at the direction of MARA; MARA was acting as the authorized agent and at the direction of CUFS, and CUFS was acting as the authorized agent and at the direction of PSCU . . . ." (Doc. 18 at PageID 224). Count V raises a negligence claim against Stanton. (Doc. 18 at PageID 225). Count VI raises a malicious prosecution claim against Stanton. (Doc. 18 at PageID 229).

## II. Legal Standard

Federal Rule of Civil Procedure 56(c) empowers a court to render summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Williams v. Mehra*, 186 F.3d 685, 689 (6th Cir. 1999) (en banc) (citing Fed. R. Civ. P. 56(c)). The standard for determining whether summary judgment is

---

[1] Mr. Beal specifically refers to 15 U.S.C. § 1692 and Michigan Compiled Laws sections 339.901 and 445.251.

appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Amway Distrib. Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at 248, 252. There must instead be evidence from which a jury could reasonably find for the non-movant. *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (2000) (citing *Anderson*, 477 U.S. at 252). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

### III. Analysis

**A. Negligence**

Count II raises a negligence claim against PSCU and MARA. "The requisite elements of a negligence cause of action are that the defendant owed a legal duty to the plaintiff, that the defendant breached or violated the legal duty, that the plaintiff suffered damages, and that the breach was

a proximate cause of the damages suffered." *Schultz v. Consumers Power Co.*, 443 Mich. 445, 449 (1993).

In his amended complaint, Beal alleges that "MARA and PSCU were under a duty to use reasonable care in the selection, hiring, instruction and supervision of those they employed to repossess vehicles . . . and to conduct repossessions in a manner least likely to result in injury to its customers." (Doc. 18 at PageID 222). Mr. Beal alleges that MARA and PSCU violated this duty by:

> (a) Failing to adequately investigate the qualifications, background and policies of those it employed to assist in repossessing vehicles serving as collateral for loans issued by PCSU;
>
> (b) Failing to provide adequate instruction to those they employed to assist in repossessing vehicles serving as collateral for loans issued by PCSU on how to approach and deal with customers of PCSU;
>
> (c) Failing to adequately review the policies and past performance of those they employed to assist in repossessing vehicles serving as collateral for loans issued by PCSU before authorizing them to actively engage with PCSU's customers in the recovery of PCSU's collateral;
>
> (d) Failing to adequately supervise or coordinate with those it employed to repossess vehicles serving as collateral for loans issued by PCSU to insure that PCSU's customers would not be subjected to assault, battery or risk of physical harm during the recovery of PCSU's collateral;

> (e) Permitting its employees to carry firearms and use same in the performance of their employment.

(Doc. 18 at PageID 222).

PSCU moves for summary judgment, arguing that Beal failed to establish a connection between PSCU and the alleged wrongdoers; Cassel and Harrington. As a result, PSCU asserts that it does not owe Beal any duty, and therefore, his negligence claim fails. In his brief in response to PSCU's motion for summary judgment, Beal fails to establish a genuine issue of material fact to support the alleged duty and breach described in his amended complaint. In short, Mr. Beal fails to counter PSCU's argument. Instead, for the first time, Mr. Beal asserts a new duty; arguing that pursuant to Mich. Comp. Laws § 445.252(s) and *Badeen v. PAR, Inc.*, 496 Mich. 75 (2014), PSCU needed to "employ licensed[2] debt collection agencies to act on its behalf." (Doc. 12 at PageID 170). Beal alleges that PSCU breached this duty by hiring CUFS; an unlicensed forwarding company.

Mr. Beal argues that pursuant to Mich. Comp. Laws § 445.252(s), PSCU had a duty not to employ a person required to be licensed under article 9 of Act No. 299 of the Public Acts of 1980, Mich. Comp. Law §

---

[2] The relevant licensing is governed by article 9 of Act No. 299 of the Public Acts of 1980, Mich. Comp. Laws § 339.901 *et seq.*

339.901 *et seq.*, unless that person was actually licensed. Mr. Beal asserts that PSCU breached this duty when it hired CUFS; an unlicensed forwarding company.[3] (Doc. 13). Mr. Beal asserts that CUFS is subject to licensing pursuant to *Badeen v. PAR, Inc.*, 496 Mich. 75 (2014).

In *Badeen*, the Michigan Supreme Court considered "whether forwarding companies" like CUFS "fall within the statutory definition of collection agencies" as defined by MCL 339.901(b). *Id.* at 79, 81. The court noted that "Article 9 of the Occupational Code requires a person to apply for and obtain a license before operating a collection agency or commencing in the business of a collection agency." 496 Mich. at 82 (citing MCL 339.904(1)). When *Badeen* was decided on June 13, 2014, MCL 339.901(b) defined a "collection agency" as:

> a person directly or indirectly engaged in soliciting a claim for collection or collecting or attempting to collect a claim owed or due or asserted to be owed or due another, or repossessing or attempting to repossess a thing of value owed or due or asserted to be owed or due another arising out of an expressed or implied agreement.

---

[3] A forwarding company is a middleman operating between creditors and local collection agents. *Badeen v. PAR, Inc.*, 496 Mich. 75, 78 (2014). "The forwarding companies' business model involves obtaining assignments of unpaid accounts from creditors and then allocating the collection of those accounts to local collection agents" without "contact[ing] debtors themselves." *Id.*

496 Mich. at 82 (quoting MCL 339.901(b)). The court concluded that "forwarding companies satisfy the statutory definition of a collection agency." *Id.*

The statute has since been revised. On June 8, 2016, the Michigan legislature approved amendments to the definition of "collection agency" in section 901(1)(b). A "collection agency" is now defined as

> a person that is directly engaged in collecting or attempting to collect a claim owed or due or asserted to be owed or due another, or, subject to subsection (2), repossessing or attempting to repossess a thing of value owed or due or asserted to be owed or due another arising out of an expressed or implied agreement.

Mich. Comp. Laws § 339.901(1)(b). Section 901 subsection (2) states

> As used in this article, "collecting or attempting to collect a claim", "repossessing or attempting to repossess a thing of value", and "collection activities" do not include any of the following activities of a claim forwarder or remarketer pursuant to a contract with a creditor:
>
> (a) Forwarding repossession assignments on behalf of the creditor to a collection agency that is licensed under this act for repossessing or attempting to repossess a thing of value owed or alleged to be owed on a claim.

The legislature further expanded the definition of persons who do not qualify as a collection agency, stating:

> Collection agency does not include a person whose collection activities are confined and are directly related to the operation of a business other than that of a collection agency, such as, but not limited to . . . (xii) A forwarding agency that, acting on behalf of a creditor or lender, forwards a claim, collection, or repossession only to a licensed collection agency that is licensed under this article or to a person whose collection activities are excluded or exempted from licensing under this article.

Mich. Comp. Laws § 339.901(1)(b).

CUFS is a forwarding agency that forwarded a repossession assignment on behalf of PSCU, the creditor, to MARA, a collection agency that is licensed under the Michigan Occupational Code for repossessing or attempting to repossess a thing of value owed or alleged to be owed on a claim. Therefore, pursuant to the current version of Mich. Comp. Laws § 339.901, CUFS does not qualify as a collection agency and is not required to be licensed under article 9 of Act No. 299 of the Public Acts of 1980.

The Court recognizes that the defendants' alleged wrongdoing occurred prior to this amendment. Yet, Mr. Beal's argument fails even if the Court applies *Badeen* and the 2014 version of Mich. Comp. Laws § 445.252(s) because Mr. Beal's amended complaint does not allege that PSCU had a specific duty to employ licensed debt collection agencies or, more generally, a duty to comply with Michigan licensing laws. As such, Mr. Beal's argument does not defeat summary judgment. Moreover, Mr. Beal

fails to establish any genuine issue of material fact from which a jury could determine that PSCU owed Mr. Beal a duty, alleged in the amended complaint, that was breached in a manner alleged in the amended complaint. As such, the Court shall grant PSCU summary judgment on Count II.

**B. Vicarious Liability**

Mr. Beal relies on *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317 (7th Cir. 2016)[4] to assert that if PSCU is a debt collector, it may be liable for the actions of everyone it employed. *Id.* at 325. Mr. Beal's claim fails because PSCU is not a debt collector. PSCU is a creditor. *See* 15 U.S.C. § 1692(a)(4). "[I]t [is] well-settled that a creditor is not a debt collector for the purposes of the FDCPA and creditors are not subject to the FDCPA when collecting their accounts." *MacDermid v. Discover Financial Services,* 488 F.3d 721, 734–35 (6th Cir.2007). As such, Mr. Beal's attempt to hold PSCU vicariously liable for the actions of its co-defendants fails.

---

[4] In *Janetos*, the Seventh Circuit addressed vicarious liability of a debt collection violation under the FDCPA. 825 F.3d at 317. Mr. Beal does not make any vicarious liability arguments under Michigan law.

## IV. Conclusion

For the reasons stated above, PSCU's renewed motion for summary judgment, (Doc. 24), is GRANTED. As such, PSCU's motion for summary judgment, (Doc. 9), is DENIED as moot.

IT IS SO ORDERED.

Dated: August 16, 2018

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 16, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk